CHARLES BUTTS v. PACIFIC SURETY COMPANY OF CALIFORNIA.[1]

February 2, 1912.

Nos. 17,283—(200).

**Default of defendant's principal.**

The evidence examined, and *held* to sustain the finding that plaintiff's contractor, whose performance the defendant by its bond guaranteed, had defaulted.

Action in the district court for Ramsey county to recover $6,200; to have a certain mortgage canceled and that defendant be restrained from assigning and disposing of the mortgage. The case was tried before Bunn, J., who made findings and as conclusions of law ordered

1 Reported in 134 N. W. 306.

judgment in favor of plaintiff for $2,550. From an order Hallam, J., denying defendant's motion for a new trial, it appealed. Affirmed.

*James D. Denegre* and *Thomas McDermott,* for appellant.

*W. H. Williams,* for respondent.

HOLT, J.

This action is upon an indemnity bond given by the defendant to plaintiff to insure the performance of the contract of J. P. Oase to remodel a building for plaintiff. The action was tried by the court without a jury, and resulted in findings that Oase breached and abandoned the contract, and that plaintiff sustained damages in the sum of $2,550, for which sum judgment was given against the defendant. A motion for a new trial being denied, the defendant appeals.

The uncontroverted facts are these: Plaintiff made a contract September 12, 1908, with John P. Oase, under the terms of which the latter agreed to remodel and add to a brick building owned by plaintiff at St. Paul, Minnesota. The defendant executed and delivered an indemnity bond to plaintiff in the penal sum of $3,900 to secure the faithful performance by Oase of the contract. Alfred H. Wheeler was plaintiff's architect, and had supervision of the work. The work was to be completed by November 25, 1908. Plaintiff agreed to pay $2,800 cash, in instalments, upon the architect's orders, and the balance by note secured by second mortgage on the property. The work progressed, and the architect issued and delivered an order to Oase, showing him entitled to receive $1,200 on the contract. No more than $497 of this order was paid.

The defendant claims that plaintiff breached the contract with Oase in failing to pay this order. Hence there is no liability on the bond. Plaintiff contends that Oase, in the work performed, did not conform to the contract, refused to make it conform, and abandoned the work. The court found, upon this issue, in favor of plaintiff. The defendant at the oral argument, stated that this find-

ing is the only one assailed, and, if the evidence sustains it, the order appealed from must be affirmed.

The defendant is a foreign insurance company, and its resident general agent was Maurice P. Moriarity, who, with James D. Denegre, duly appointed resident secretary, executed the bond. A bond had also been given by the defendant to a mortgagee to protect against liens. Some delay occurred in obtaining the funds for the building from this mortgage loan, because of an alleged defect in the execution of the first mortgage.

Plaintiff also claimed that Oase was not doing the work according to the contract, and was dissatisfied with the architect, Wheeler, resulting in the latter withdrawing. When these disputes arose, plaintiff contends that he obtained a promise from Oase that, if plaintiff paid him $500 upon the $1,200 order or estimate of the architect, Oase would pay his men, remedy the defects in his workmanship, and proceed with the work; that plaintiff thereupon paid $497, but Oase did not use it as agreed, and insisted that he would not go on with the work unless the balance on the estimate was paid and the work accepted, so far as then done, as a compliance with the contract. There is also testimony tending to show that the work done was much inferior, both as to workmanship and material, to that called for by the contract, and that the value of what was then done was far below the estimate given by the architect. There is also testimony indicating that Moriarity recognized that Oase had failed to carry out the contract, and that defendant was under obligations to protect plaintiff.

Of course, these contentions of plaintiff are disputed, but we are of opinion that, not only is there basis for the finding that Oase violated the contract, but that the evidence abundantly sustains the conclusion of the learned trial court to the effect that Oase breached and abandoned the contract, and not plaintiff.

It is not necessary to determine whether or not Moriarity was a general agent of the defendant, so that the latter is bound by what he did subsequent to the delivery of the bond sued on, because, if the finding stands that Oase, and not plaintiff, defaulted on the con-

tract, defendant's liability is established, and nothing more remains except to determine the amount. The amount is not questioned.

The order appealed from is affirmed.

BUNN, J., took no part.

PHILIP E. BROWN, J., being absent on account of illness, took no part.